The Honorable Ricardo S. Martinez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

LAWRENCE CUSHNIE, individually and on behalf of all others similarly situated,

            Plaintiff,

   v.

PREMERA BLUE CROSS, a Washington company,

            Defendant.

Case No. 2:15-cv-00413

**UNOPPOSED MOTION TO STAY PENDING PROCEEDINGS BEFORE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**NOTE ON MOTION CALENDAR**: April 8, 2015

Defendant Premera Blue Cross (Premera) respectfully moves the Court to stay all proceedings in this case pending the Judicial Panel on Multidistrict Litigation's decision on whether this litigation should be transferred to a single court for consolidated pretrial proceedings. *See In re Premera Blue Cross Customer Data Security Breach Litigation*, MDL No. 2633. If the requested stay is denied, Premera respectfully requests an extension of thirty days following the Court's decision on this motion to respond to plaintiff's complaint.

Pursuant to Local Rule 10(g), plaintiff has stipulated to the relief requested in this motion. A discussion in support of this motion follows.

Motion to Stay – No. 15-413       - 1 -

## FACTUAL AND PROCEDURAL BACKGROUND

This is one of a series of at least thirteen actions arising from a criminal intrusion into the computer network systems of defendant Premera.  The complaints allege that the attack affected certain information relating to millions of Premera insureds who reside throughout the country, and all allege similar causes of action.  On March 31, 2015, the plaintiff in one of the other actions filed a motion before the Judicial Panel on Multidistrict Litigation (the Panel) to transfer and consolidate this litigation under 28 U.S.C. § 1407.  The motion before the Panel is captioned *In re Premera Blue Cross Customer Data Security Breach Litigation*, MDL No. 2633.

Assuming that motion is granted, the putative class actions arising from the criminal intrusion will be consolidated for pretrial proceedings before one court.  In the interest of efficiency in this collective litigation, Premera is filing this motion to stay the proceedings in this case pending the Panel's decision of whether and where these cases will be consolidated. Premera intends to file similar motions in all of the cases.[1]  The most efficient course of action, and the one that is most in accord with the MDL process, is for the case to be stayed until the Panel rules on the pending transfer and consolidation motion.

## LAW AND DISCUSSION

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating the court's "power to stay proceedings is incidental to the

---

[1] At present, the additional cases arising from the inclusion include:  *Blackwolfe, et al., v. Premera Blue Cross*, 15-cv-00429-MJP (W.D. Wash.); *Guenser v. Premera Blue Cross*, 15-cv-00441-JCC (W.D. Wash.); *Hoirup, et al., v. Premera Blue Cross*, 15-cv-00445-MJP (W.D. Wash.); *Cossey, et al., v. Premera Blue Cross*, 15-cv-00472-TSZ (W.D. Wash.); *Colcord v. Premera Blue Cross*, 15-cv-00516-BR (D. Or.); *Welch v. Premera Blue Cross and DOES 1-10*, No. 15-2-07774-1 (Sup. Ct. of Wash., King Cnty.); *Forester, et al., v. Premera Blue Cross*, 15-cv-00499-JCC (W.D. Wash.); *Archibald v. Premera Blue Cross*, 15-cv-00505-RSM (W.D. Wash.); *Kaplowitz v. Premera Blue Cross*, 15-cv-00512-MJP (W.D. Wash.); *Underwood v. Premera Blue Cross*, 15-cv-00516-MJP (W.D. Wash.); *Burkhardt v. Premera Blue Cross*, 15-cv-00523 (W.D. Wash.); *Webb v. Premera Blue Cross*, 15-cv-00539 (W.D. Wash.); *Purcell v. Premera Blue Cross*, 3:15-cv-00572-BR (D. Or.); *Devine v. Premera Blue Cross*, 15-cv-00546 (W.D. Wash.).

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

1  power inherent in every court to control the disposition of the causes on its docket with economy

2  of time and effort for itself, for counsel, and for litigants").

3        The power to stay is commonly utilized in the MDL context.  *See Amadeck v. Capital*

4  *One Fin. Corp.*, 2012 WL 5472173, at *1 (W.D. Wash. Nov. 9, 2012) (staying litigation pending

5  MDL because the "efficiencies obtained by coordinating discovery and pretrial practices across a

6  number of separate cases cannot be doubted"); *Cairone v. Prospect Mortgage, LLC*, 2014 WL

7  989246, at *1 (W.D. Wash. Mar. 12, 2014) (same); *see also Rivers v. Walt Disney Co.*, 980 F.

8  Supp. 1358, 1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often

9  appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is

10  pending with the MDL Panel."); *Bonenfant v. R.J. Reynolds Tobacco Co.*, 2007 WL 2409980, at

11  *1 (S.D. Fla. July 31, 2007) ("[I]t is common practice for courts to stay an action pending a

12  transfer decision by the JPML.").

13        It is exercised in this context for good reason—doing so is consistent with the very

14  purpose behind the MDL process itself, which is to "promote the just and efficient conduct" of

15  cases raising "one or more common questions of fact[.]"  *See* 28 U.S.C. § 1407(a); *see also*

16  *Manual for Complex Litigation, Fourth* § 20.131 (2004) (Requests for Transfer) ("The objective

17  of transfer [through the MDL process] is to eliminate duplication in discovery, avoid conflicting

18  rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the

19  attorneys, the witnesses, and the courts.").

20        These goals are best met by avoiding unnecessary litigation in numerous district courts

21  while the Panel considers transfer.  *See Council v. Target Corp.*, 2014 WL 859326, at *2 (D. Col.

22  Mar. 5, 2014) (staying proceedings pending JPML consolidation determination; "[T]he court

23  agrees that awaiting a ruling from the MDL panel will conserve judicial resources and avoid the

24  issuance of rulings on discovery and substantive motions inconsistent with those issued by other

25  federal courts[.]"); *Cairone*, 2014 WL 989246, at *1 (same; "if the court denied the stay, this

26  court could waste precious time and resources it does not have").

27

      - 3 -

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

No party will be prejudiced by a short stay, a fact which is best evidenced by the fact that plaintiff has stipulated to this motion.  And any stay will likely be short.  As many courts have recognized, "[i]n most cases, the JPML decides the matter before it within a short period after arguments are held or after the briefing is completed if the parties waive oral argument." *Pennsylvania ex rel. Kane v. McGraw-Hill Companies, Inc.*, 2013 WL 1397434, at *5 (M.D. Pa. Apr. 5, 2013) (quotation omitted); *see also Wittman v. Aetna Health, Inc.*, 2014 WL 4772666, at *1-2 (D. Me. Sept. 24, 2014) (granting stay pending MDL decision; recognizing any potential prejudice to plaintiff would be minimal because "the stay will be of limited duration").  Thus, any stay will not be long and plaintiff will suffer no prejudice from its issuance.

Finally, staying the proceedings will avoid hardship to Premera.  Absent a stay of this and the related cases, the parties will be required to prepare briefs in numerous separate cases on motions to dismiss that will likely never be ruled upon if the Panel grants the pending transfer motion and a consolidated complaint is ultimately filed, an outcome that is more than reasonably likely here.[2]  *See Amadeck*, 2012 WL 5472173, at *1 (stay appropriate "[b]ecause of the similarity between the claims, the chances that the JPML will consolidate at least some of these actions is significant"); *Pennsylvania ex rel. Kane*, 2013 WL 1397434, at *5 (denial of "stay would prejudice the Defendants who would be forced to litigate 16 separate actions simultaneously," which outweighed any "temporary prejudice" to plaintiff).

The Court should not require Premera to expend the resources and effort that would be necessary to prepare a responsive pleading in this case where:  (1) the claims at issue might ultimately not become part of the consolidated case, *see In re Katrina Canal Breaches Litig.*, 309 F. App'x 836, 838 (5th Cir. 2009) (the plaintiff's "individual complaint was superseded [following consolidation], and . . . any arguments or claims that appear in the individual

---

[2] The Panel routinely centralizes alleged data security cases because of the common questions of law and fact they raise.  *See, e.g., In re Cmty. Health Sys., Inc., Customer Sec. Data Breach Litig.*, --- F. Supp. 3d ----, 2015 WL 500900, at *1 (J.P.M.L. Feb. 4, 2015); *In re Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338,1339 (J.P.M.L. Apr. 2, 2014); *In re: Zappos.com, Inc., Customer Data Sec. Breach Litig.*, 867 F. Supp. 2d 1357, 1358 (J.P.M.L. 2012); *In re Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, 978 F. Supp. 2d 1379, 1382 (J.P.M.L. 2013); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d 1370, 1371 (J.P.M.L. 2011).

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

1   complaint but not in the Master Complaint were waived"); and (2) the Court's resolution of these

2   issues would not be binding on the transferee court, *see Rivers*, 980 F. Supp. at 1360 (granting

3   stay because "transferee judges have been known to vacate or modify previous rulings of the

4   transferor judge," and thus "there are no guarantees that an order by this Court would not later be

5   vacated and this Court's investment of time and resources would not have been in vain").

6      For these reasons, the Court should stay these proceedings pending the Panel's

7   consolidation determination.  Doing so is consistent with judicial economy and consistent with

8   the purposes underlying the MDL process itself.  This is particularly true in a case such as this

9   one, where all parties agree that consolidation is an appropriate result.

10     In the alternative, Premera respectfully requests the Court for an extension of time of

11  thirty days from the date of the Court's ruling on this motion to respond to plaintiff's complaint.

12  This request for a brief extension is also unopposed, and Premera respectfully requests the

13  extension in order to adequately respond to the issues raised by plaintiff's complaint if this

14  motion is denied.

15  **CONCLUSION**

16     The Court should stay all proceedings in this case pending the Panel's decision on

17  whether to transfer this litigation to a single court for consolidated pre-trial proceedings.  If this

18  request for a stay is denied, the Court should provide Premera with an additional thirty days to

19  respond to the plaintiff's complaint from the date of the Court's order denying this motion.

20

21

22

23

24

25

26

27

Motion to Stay – No. 15-413    - 5 -

Dated: April 8, 2015

/s/*Paul Karlsgodt*
Paul G. Karlsgodt (WSBA No. 40311)
**BAKER HOSTETLER LLP**
1801 California St., Suite 4400
Denver, CO 80202
Telephone:  (303) 861-0600
Facsimile:  (303) 861-7805
Email:  pkarlsgodt@bakerlaw.com

Randal L. Gainer (WSBA No. 11823)
**BAKER HOSTETLER LLP**
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone: (206) 332-1380
Facsimile: (206) 624-7317
Email: rgainer@bakerlaw.com

Daniel R. Warren (*pro hac vice forthcoming*)
**BAKER HOSTETLER LLP**
1900 East Ninth Street, Suite 3200
Cleveland, OH 44114
Telephone:  (216) 620-0200
Facsimile:  (216) 696-0740

*Attorneys for Defendant Premera Blue Cross*

Baker Hostetler LLP
999 Third Avenue Suite 3600
Seattle, WA 98104-4040
T. 206.332.1380

**CERTIFICATE OF SERVICE**

I, Paul G. Karlsgodt, hereby certify that on this 8th day of April, 2015, a true and correct copy of the foregoing **UNOPPOSED MOTION TO STAY PENDING PROCEEDINGS BEFORE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** was served via the Court's ECF system upon the following counsel of record for plaintiff:

Cliff Cantor
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074

Rafey S. Balabanian
Ari J. Scharg
Ben Thomassen
David I. Mindell
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

*/s/Paul Karlsgodt*
Paul G. Karlsgodt (WSBA No. 40311)